15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mary TRAHAN, Plaintiff-Appellant,
v.
CITY OF OAKLAND; Gabriel Cervantes, Defendants-Appellees.
 No. 89-16573.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Dec. 7, 1993.
 
 Before: BOOCHEVER, NORRIS, and KLEINFELD, Circuit Judges.
 
 ORDER
 AMENDING DISPOSITION
 
 1
 On March 3, 1993, we granted appellant's motion for clarification of our memorandum disposition of April 20, 1992. We now resolve two issues left unresolved in the original disposition: first, a Batson challenge, and second, an evidentiary ruling on character evidence.
 
 
 2
 * Appellees exercised their peremptory challenges to exclude the only two African-American jurors on the venire panel. Applying the methodology developed in Batson v. Kentucky, 476 U.S. 79 (1986), the district court found a prima facie case of racial discrimination, see Transcript at 122, and asked appellees for race-neutral justifications for the challenges. The district court deemed the proffered explanations satisfactory. See id. at 125.
 
 
 3
 On review, we accord great deference to the district court's finding that there was no discrimination. See United States v. Chinchilla, 874 F.2d 695, 697-98 (9th Cir.1989). Such findings are findings of fact that are set aside only if clearly erroneous. See United States v. Power, 881 F.2d 733, 739 (9th Cir.1989).
 
 
 4
 One of the African-American jurors challenged was Mr. Van Hook. The appellees' supposed race-neutral reasons were that, first, Van Hook thought that police officers had a traffic ticket quota; second, Van Hook thought he was a victim of police officers; third, Van Hook gave vague answers. Appellant challenged the first two reasons as pretextual because another venire panel member, Mr. Pellegrini, also stated that he had been unfairly ticketed, but was not challenged.
 
 
 5
 The record does not show any reason to believe that Van Hook had greater ill-will toward police officers than Pellegrini on the account of receiving traffic tickets. See Transcript at 108-09. But there were other facts particular to Pellegrini that would have made him unobjectionable to the appellees as a juror. Pellegrini, who was employed as a maintenance superintendent for the Contra Costa county, worked with police officers and also had served in an elected position. See id. at 33, 87. Accordingly, we cannot say that the district court's findings of no discriminatory intent towards Van Hook was clearly erroneous.
 
 
 6
 The challenge of the other African-American juror, Ms. Goodson, is more difficult to resolve. Appellees first claimed that Goodson did not answer questions with "any degree of competence." Id. at 122. When prompted for more specific reasons, appellees responded that she was not looking for a job, that she "just did not impress me," and that "it has nothing to do with" her being black. Id. at 122-23.
 
 
 7
 The last reason carries little weight because proclamations of good faith are by themselves not race-neutral justifications for challenges. See Batson, 476 U.S. at 98 ("Nor may the prosecutor rebut the defendant's case merely by denying he had a discriminatory motive or 'affirm[ing] [his] good faith in making individual selections.' ") (alterations in original).
 
 
 8
 The allegation that Goodson was not looking for work is factually inaccurate. Ms. Goodson simply testified that she was unemployed, not that she was not seeking employment. See Transcript at 115. Indeed, she testified that she was in the process of applying to become a deputy sheriff. See id. at 119.
 
 
 9
 The other reasons advanced were that Ms. Goodson was generally incompetent and unimpressive. General subjective evaluations such as these are disfavored because they are not amenable to judicial review and thus can be invoked as inscrutable pretexts for discriminatory challenges. See Batson, 476 U.S. at 98 n. 20 (requiring "clear and reasonably specific" explanations of "legitimate reasons" for exercising challenges). Moreover, our review of the record discloses no foundation for these subjective characterizations. Goodson, a high school graduate with two years of college education, see id. at 115, answered her questions directly, intelligently, and in no obviously unimpressive manner.
 
 
 10
 In sum, all of appellees' reasons for challenging Goodson are either irrelevant to the task of jury service or unfounded in the record. And to allow such inarticulate, subjective impressions to justify the exclusion of minority jurors in response to a prima facie case of discrimination would make Batson "a dead letter." Johnson v. Vasquez, Slip Op. No. 91-56395, at 9503 (9th Cir. September 2, 1993).[1] We therefore hold that the district court's finding of no discriminatory intent in excluding juror Goodson was clearly erroneous.
 
 II
 
 11
 Appellant next asserts reversible error in the district court's decision to exclude two types of character evidence: first, evidence going to Officer Cervantes's violent nature, and second, evidence going to his untruthful nature. We review for abuse of discretion. United States v. Vaccaro, 816 F.2d 443, 452 (9th Cir.), cert. denied sub nom., Alvis v. United States, 484 U.S. 914 (1987).
 
 
 12
 Fed.R.Evid. 608 governs the admissibility of the character evidence at issue. Because Rule 608 permits evidence of a witness's character only on the subject of untruthfulness, the first type of character evidence--regarding Cervantes's violent nature--was properly barred. On the other hand, reputation evidence of a witness's character for untruthfulness is squarely admissible under Rule 608. Nonetheless, the district court ruled that such evidence would mislead and confuse the jury and accordingly, barred such evidence under Rule 403's balancing test. See Transcript at 1158-60.
 
 
 13
 The record, however, does not support the district court's ruling that the unfair prejudice from this evidence outweighed its probative value. See United States v. Barker, 1 F.3d 957, 959 n. 3 ("Evidence is prejudicial only when it has an additional adverse effect on a defendant beyond tending to prove the fact or issue that justifies its admission."). The record simply fails to support the district court's ruling that the reputation evidence would have been confusing or misleading. By barring all reputation evidence about a principal witness whose credibility was crucial to the case, the district court abused its discretion.
 
 CONCLUSION
 
 14
 The district court's ruling on character evidence was an abuse of discretion, and its finding that there was no Batson error was clearly erroneous. Thus, we amend our April 20, 1992 Memorandum disposition to vacate the judgment for appellees on appellant's Sec. 1983 claim and remand the cause for further proceedings. The part of our previous Memorandum disposition that reversed and remanded the judgment for appellees on the state tort claim remains in effect.
 
 
 15
 REVERSED and REMANDED in part and VACATED and REMANDED in part.
 
 
 
 [1]
 In Johnson, all of the prosecutor's proffered neutral reasons were unsupported by the record. We wrote that, "[i]n view of the multiple erroneous reasons advanced, we cannot accept the proposition that the prosecutor's alleged mistaken beliefs can support a challenge free of constitutional taint." See id. at 9503